UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

EVE HOLDER,

        *Plaintiff-Appellant,*

    v.

WOODMEN OF THE WORLD/OMAHA
WOODMEN LIFE INSURANCE SOCIETY
LONG-TERM DISABILITY PLAN FOR
FIELD ASSOCIATES,

        *Defendant-Appellee.*

No. 00-2410

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-00-569-3-19)

Submitted: March 30, 2001

Decided: April 13, 2001

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Robert E. Hoskins, FOSTER & FOSTER, L.L.P., Greenville, South
Carolina, for Appellant. Evans T. Barnette, MCCUTCHEN, BLAN-
TON, RHODES & JOHNSON, L.L.P., Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Eve Holder appeals from the district court's order granting summary judgment to Woodmen of the World/Omaha Woodmen Life Insurance Society Long-Term Disability Plan for Field Associates ("the Plan") in her action arising out of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. §§ 1001-1168 (West Supp. 2000). Because we find that the district court erred by granting summary judgment, we vacate the district court's order and remand for further proceedings.

Holder had long-term disability coverage under the Plan when she was injured in a car accident in 1997. She filed a claim with the Plan and began receiving long-term disability benefits. However, in May 1999, she was advised that her benefits would end July 9, 1999, because the Plan concluded that she could work at certain sedentary jobs and was no longer entitled to benefits. Holder appealed the denial of benefits. In reaching its final decision, the Plan considered evidence submitted by Holder including letters and an affidavit from her treating physician, Dr. Michael K. Drakeford, and a report from Dr. William W. Stewart, Associate Professor of Rehabilitation Counseling at the University of South Carolina.

In March 1999, Drakeford had written a letter stating that Holder would need a position that permitted her to sit most of the time. He subsequently concluded in a May 1999 letter that Holder had reached maximum recovery. In a December 1999 affidavit, Dr. Drakeford opined that Holder was "totally disabled from performing any job on a full-time or consistent basis and has so been since [her accident]." Dr. Stewart evaluated Holder in July 1999 and concluded that she was unable to "perform any kind of job on an ongoing, or reliable basis."

The Plan concluded that no relevant objective evidence contradicted the information in Dr. Drakeford's March 1999 letter stating

that Holder would need a sedentary position. Thus, the Plan held that Holder was not "unable to engage gainfully in any occupation or activity for wage or profit." Consequently, the Plan upheld the cessation of long-term disability benefits to Holder. The district court granted summary judgment to the Plan in Holder's ERISA action challenging the Plan's denial of benefits and Holder timely appealed.

This court has developed a well-settled framework for review of the denial of benefits under ERISA plans, such as this Plan, which is self-funded and administered by Woodmen of the World/Omaha Woodmen Life Insurance Society. Where a plaintiff is appealing the grant of summary judgment, this court engages in a de novo review, applying the same standards employed by the district court. *Brogan v. Holland*, 105 F.3d 158, 161 (4th Cir. 1997). Because the Plan gives the Plan Administrator discretionary authority to determine eligibility for benefits or to construe the terms of the Plan, the Plan Administrator's denial must be reviewed for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111, 115 (1989); *Boyd v. Trustees of United Mine Workers Health & Retirement Funds*, 873 F.2d 57, 59 (4th Cir. 1989). Under this deferential standard, the Plan Administrator's "decision will not be disturbed if it is reasonable, even if this court would have come to a different conclusion independently." *Ellis v. Metropolitan Life Ins. Co.*, 126 F.3d 228, 232 (4th Cir. 1997). Such a decision is reasonable if it "is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Brogan*, 105 F.3d at 161 (internal quotations omitted). "'Substantial evidence . . . is evidence which a reasoning mind would accept as sufficient to support a particular conclusion . . . [and] consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *LeFebre v. Westinghouse Elec. Corp.*, 747 F.2d 197, 208 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). However, because the Plan is self-funded, a conflict of interest exists justifying a reduced deference to the Plan Administrator. *Booth v. Wal-Mart Stores, Inc.*, 201 F.3d 335, 343 n.2 (4th Cir. 2000).

With these standards in mind, we find that the district court erred by granting summary judgment for the Plan. Although Drakeford's March 1999 letter suggests that Holder could work at a sedentary job, his subsequent letters contradict this conclusion. In May 1999, he

stated that Holder had reached her maximum recovery. A month later, he opined that she likely would not be able to work full-time because of her physical impairments. In December 1999, he stated that Holder was totally disabled from working full-time or on a consistent basis and had been since her car accident. Drakeford's opinion that Holder was totally disabled was also supported by Dr. Stewart.

In light of the fact that the more recent evidence supports a finding that Holder suffered from a total disability and that the only evidence to the contrary was an initial letter from Holder's treating physician who later concluded that Holder had reached maximum recovery and was totally disabled, we find that summary judgment in favor of the Plan was not appropriate. We therefore vacate the district court's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*